IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBBEY RALPHAEL MITCHELL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0345-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Robbey Ralphael Mitchell, a Texas prisoner, has filed a motion to "stay and abey [sic]" an application for writ of habeas corpus that has not yet been filed. It appears that the sole purpose of this pleading is to toll the one-year statute of limitations governing federal habeas proceedings brought under 28 U.S.C. § 2254.[1] For the reasons stated herein, the motion should be dismissed for want of jurisdiction.

Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, No. 3-01-CV-0305-M, 2001 WL 194974 at *1 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must

---

[1] Petitioner purports to bring this motion pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), which holds that a federal district court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims. However, unlike *Rhines*, petitioner has not yet filed an application for writ of habeas corpus in federal court.

present a justiciable case or controversy. *Id., citing Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977); *see also Mack v. Dretke*, No. 3-06-CV-0646-K, 2006 WL 1348719 at *1 (N.D. Tex. May 17, 2006). By his motion, petitioner asks the court to toll the AEDPA statute of limitations on his application for writ of habeas corpus, to be filed at some unspecified date in the future, until he exhausts his state remedies. Until petitioner actually files a federal writ, there is no adverse party before the court. Nor is there a concrete dispute for the court to decide. Without a "case or controversy," the court lacks subject matter jurisdiction to grant any relief. *See Miller v. Quarterman*, No. 3-07-CV-0708-L, 2007 WL 2890270 at *1-2 (N.D. Tex. Sept. 27, 2007) (dismissing similar motion for want of jurisdiction).[2]

## **RECOMMENDATION**

Petitioner's motion to "stay and abey [sic]" his application for writ of habeas corpus should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Although *pro se* pleadings must be liberally construed, the court is unable to treat petitioner's motion as an application for writ of habeas corpus because he does not specify any grounds for relief. *See* Rules Governing Section 2254 Cases, Rule 2(c).

DATED: February 25, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE